(104 So. 208)

No. 26602.

STATE ex rel. UNION TEMPLE ASS'N, Inc.,
v. CAIN, Register of Conveyances et al.

(March 30, 1925.   Rehearing Denied April 27,
1925.)

*(Syllabus by Editorial Staff.)*

**1. Corporations ⬖409—Lessee and sublessee cannot rely on secretary's unauthorized letter stating that privilege to renew lease was granted by directors.**

Where lessee and sublessee acted on an unauthorized letter from a secretary of a corporation, which stated only the secretary's understanding that directors had given lessee privilege of renewing lease, *held* that lessee and sublessee were not justified in relying on the letter, and hence could not deny corporation's right to repudiate it.

**2. Corporations ⬖426(12)—Recording unauthorized letter written by secretary held not to give corporation knowledge of letter, so that it was not estopped to repudiate it.**

Filing and recording an unauthorized letter, written by secretary of a corporation, to the effect that directors had consented to renewal of a lease at expiration of its term, is insufficient to convey knowledge to corporation that secretary had written the letter, and hence it was not estopped to repudiate letter, notwithstanding sublessee had expended money on making improvements.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Mandamus proceeding by the State, on the relation of the Union Temple Association, Inc., against Maurice Cain, Register of Conveyances, and others.   From a judgment for defendants, plaintiff appeals.   Reversed and rendered.

E. M. Stafford, Henry W. Robinson, and Daniel Wendling, all of New Orleans, for appellant.

· McCloskey & Benedict, of New Orleans, for appellee Kaiser.

Carbajal & Gaudin, of New Orleans, for appellee Gumina.

OVERTON, J.   Plaintiff purchased several vacant lots at the corner of Carondelet and Lafayette streets in this city, paying therefor the sum of $62,000.   Plaintiff intended in purchasing the lots to erect a building thereon, but, as plaintiff was not ready to build at the time it purchased, it concluded to lease the property.   A lease was accordingly effected with J. L. Kaiser for a period of 3 years, commencing on October 1, 1921, in consideration of said Kaiser's paying $100 a month as rent for the property.   Kaiser subleased the lots almost immediately to Lawry & Palmisano, who assigned the sublease, at once, to A. J. Gumina.   Gumina desired to erect temporary buildings on the lots, so that he could use the property, but before undertaking to erect the buildings he desired to acquire the right to renew his sublease at its termination for another period of three years, so that he could be assured of a sublease for approximately six years.   Gumina spoke to Kaiser concerning the matter, and Kaiser engaged the services of a real estate agent to obtain from plaintiff the right to renew his lease, at its termination, so that he could sublease the lot to Gumina for another period of three years upon the expiration of Gumina's sublease.   The real estate agent, through one of his employees, called on R. M. Stephens, who was plaintiff's secretary, relative to obtaining the right in behalf of his principal to renew the lease.   Whether or not Stephens reported the mission of the real estate agent correctly to plaintiff's board of directors does not appear, but be that as it may, the board, at its meeting of November 5, 1921, a little over 60 days after the lot had been leased to Kaiser, adopted, as appears from the minutes of the meeting, the following motion or resolution, to wit:

"It was moved by Bienvenue, seconded by Royes, and carried that J. L. Kaiser be given the refusal, or first consideration, at the expiration of his present lease in event the association decides to re-lease building site; that

no price or terms be named, and that secretary be instructed to send a copy of this resolution to Mr. Kaiser."

Apparently, Kaiser did not receive a copy of the foregoing resolution, for something over 3 weeks after its adoption, Vorbusch, an employee of the real estate agent, engaged by Kaiser, called to see Stephens for the purpose of ascertaining what the board of directors had done in the matter, and, if the board had passed a resolution regarding the renewal of the lease, to obtain a copy of the resolution. At this interview, Stephens informed the employee of the real estate agent that he did not have the minutes showing the proceedings of the board of directors at hand, but the employee wanted something that would show what was done, and Stephens wrote a letter, under date of November 30, 1921, in his capacity as plaintiff's secretary, addressed to the employee, and gave it to him, reading as follows, to wit:

"I was instructed by the board of directors of this association at their meeting held on November 19, 1921, to advise Mr. J. L. Kaiser through you that a resolution was passed at said meeting giving Mr. Kaiser the privilege of renewing his lease on the vacant lot of the association at Lafayette and Carondelet streets at the expiration of the present lease.
"Union Labor Temple Association,
"R. M. Stephens, Secty."

The letter written by Stephens was delivered to Kaiser, and Kaiser, acting upon it, wrote the following letter to Gumina, the sublessee, to wit:

"This letter is to certify that I hereby agree to renew the lease given to Lawry & Palmisano on lots 1, 2, 3, and 4, square 219 of this city, for 36 months, beginning on October 1, 1924, and ending September 31, 1927, 1st dist., bounded by Lafayette, Carondelet, St. Charles, and Girod streets.
"The above as per letter written to A. R. Vorbusch by R. M. Stephens, Secretary of the Union Labor Temple Association, Inc., which was passed on by the board of directors of this Association at a meeting held November 19/21.
"Yours respectfully,      J. L. Kaiser."

Kaiser or Gumina caused the two letters quoted above to be recorded in the office of the register of conveyances for the parish of Orleans, in the early part of January, 1922; and Gumina, having received the assurance contained in the foregoing letter from Kaiser, that the sublease would be renewed, erected, while the sublease still had over two years in which to run, the buildings that he had in view.

About 2 years after the recordation of the letters from plaintiff's secretary and from Kaiser, plaintiff obtained an opportunity to sell the lots in question for $100,000. However, the proposed purchaser refused to accept the title unless the inscription on the conveyance records of the letters mentioned above was canceled. Plaintiff failed to obtain amicably the cancellation of the inscription of these letters, and, therefore, instituted the present suit against Maurice Cain, Register of Conveyances, Kaiser, Gumina, and also against Lawry & Palmisano, who were the original sublessees, and Vorbusch, who was the employee of the real estate agent to whom the letter of plaintiff's secretary was addressed, to have the inscription erased.

The position of plaintiff is that its secretary, as the result of an error under which he was laboring, and without any authority from its board of directors, in whom alone was vested the authority to authorize the renewal of the lease, wrote the letter, stating that the board had consented to the renewal; and that the recordation of said letter and of the one from Kaiser to the sublessee, Gumina, agreeing to renew the sublease, operates as a cloud upon its title, and should be erased. The position of the two defendants, Kaiser and Gumina, who are directly interested in the matter, is that, if plaintiff did not authorize the renewal of the lease, and the writing of the letter by its secretary, to the effect that the board had

consented to the renewal, still, as Kaiser and Gumina had acted in good faith on the letter from plaintiff's secretary, and, as Gumina had spent large sums of money in erecting structures on the property, partly on the faith of the letter, and, as the letter had been of record for nearly two years before plaintiff claimed that its secretary was not authorized to write it, plaintiff should not be permitted at this late date, after the letter had been thus acted upon, to repudiate it, and thereby obtain the cancellation of said inscriptions. The position of the register of conveyances is that he merely complied with the law in recording said letters, and that it is a matter of no concern to him whether said inscriptions are ordered canceled or not. The remaining defendants made no appearance in the case.

We think that the record fairly justifies the conclusion that plaintiff's board of directors, in whom alone was vested the power to authorize the renewal of the lease, passed no resolution authorizing such a step, and empowering its secretary to write the letter, written by him, to the effect that the board had passed such a resolution, for the minutes of the proceedings of the board do not disclose that such a resolution was passed, and evidence aliunde shows that none such was adopted. In fact, the only resolution relative to the renewal of the lease was the one adopted on November 5, 1921, which, instead of authorizing the renewal merely gave to Kaiser the preference in leasing the property; that is to say, the right to refuse to release, should plaintiff conclude to lease the lots again at the expiration of the lease then in force, which it is needless to say, falls far short of authorizing a renewal of the contract. Nor does the evidence show that the secretary was authorized to write the letter written by him. To the contrary, the evidence negatives such an idea. Hence, defendants, if they are to succeed, are depend-

ent upon their plea of estoppel, based upon the contention that plaintiff should not now be permitted to repudiate the letter written by its secretary, to the effect that the board had passed a resolution, authorizing the renewal.

[1] In considering this plea, it should be observed that the letter written by the secretary does not purport to give a copy of the resolution to which it refers. In fact, the letter merely says that the board at a meeting held on November 19, 1921, passed a resolution giving Kaiser the privilege of renewing the lease. This letter therefore gives only the secretary's understanding of what was done. We think it clear that the secretary of a corporation, by writing a letter, stating that the board of directors at a certain meeting passed a resolution, authorizing a certain thing to be done, cannot lay a basis that would force the corporation to do that thing, and we think it clear that one is not justified in acting upon such a letter, but before acting, should demand a copy of the resolution, or ascertain from the records of the corporation, if permitted to do so, that the desired resolution was passed, and wait until the corporation does the thing that its board authorized it to do. Hence, as Kaiser and Gumina acted upon a mere written statement of the secretary, which necessarily amounted to nothing more than the secretary's understanding of what the board had authorized, our conclusion is that they were not justified in so acting, and hence should not be permitted to say effectively that the corporation should not be permitted to repudiate the letter of its secretary.

[2] But the letter of plaintiff's secretary was recorded in the conveyance records of the parish, and had been of record for nearly 2 years before plaintiff undertook to repudiate it by this suit, and Kaiser and Gumina, as we have seen, take the position that plaintiff should not be permitted to repudiate

the letter now, as plaintiff at no time made it known to them that the letter was not authorized, and as the letter was acted upon by them in good faith after its recordation and long prior to the institution of this suit.

The position so taken by Kaiser and Gumina assumes that plaintiff had knowledge that its secretary had written such a letter, and especially that the filing and recordation of the letter in the conveyance office was sufficient to convey to plaintiff knowledge that such a letter had been written. It may be observed, however, that unless the recordation of the letter in the conveyance office was sufficient to convey to plaintiff the requisite knowledge to form the basis of an estoppel, plaintiff had no knowledge that its secretary had written such a letter until shortly before the institution of this suit, and long after the letter had been acted on by Kaiser and Gumina, and the temporary improvements had been placed on the property. Hence, the plea of estoppel urged by Kaiser and Gumina has not the necessary basis on which to rest, unless possibly the filing and recordation of the letter in the conveyance office was sufficient to convey to plaintiff the knowledge necessary to form a basis for the plea. It seems clear to us, however, that the mere filing and recording of a letter, which purports to have been written by a corporation, through its secretary, to the effect that its board of directors has consented to the renewal of a lease then in force, at the expiration of the term thereof, is not sufficient to convey to the corporation knowledge of the fact that its secretary has written such a letter. The purpose of the registration laws is to convey to third persons, dealing with reference to particular property, knowledge as to what instruments have been executed affecting the property, and to charge them with knowledge thereof. The purpose of such laws is not, even in part, to charge the owner of the property with knowledge that an instrument not authorized or executed by him has been recorded against his property, and to call upon him to repudiate the instrument, or else assume the risk of being estopped from attacking it. Hence, if for no other reasons than those assigned, our conclusion is that the plea of estoppel urged has not the necessary basis on which to rest.

The trial court rendered judgment in favor of defendants rejecting plaintiff's demand. In our view, plaintiff is entitled to judgment ordering the cancellation of the recordation of the letter mentioned, and of the renewal of the sublease granted by Kaiser, and declaring said letter and said renewal to be of no legal force and effect. However, this judgment should be only against the register of conveyances and Kaiser and Gumina, as the remaining defendants Vorbusch and Lawry & Palmisano, have no interest in the matter, and did not cause the recordations complained of to be made.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be set aside, and it is now ordered that there be judgment in favor of plaintiff, and against Maurice Cain, Register of Conveyances of the parish of Orleans, and against said Kaiser and said Gumina, ordering that the alternative writ of mandamus that issued herein, directing said Maurice Cain, Register of Conveyances, to cancel and erase said inscriptions be made peremptory, and against said Kaiser and said Gumina declaring said letter and said renewal of said sublease to be of no legal force and effect, and that there be judgment in favor of said Vorbusch and said Lawry & Palmisano, as rendered by the lower court, dismissing plaintiff's demand as to them. It is further ordered that said Kaiser and said Gumina pay the costs of the lower court and of this appeal.